## CENTRAL TRUST COMPANY *v.* H. B. MEHRING AND COMPANY.

[No. 47, April Term, 1928.]

*Decided June 22nd, 1928.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Leo Weinberg* and *Leslie N. Coblentz,* with whom was *Guy K. Motter* on the brief, for the appellants.

*Arthur D. Willard,* for H. B. Mehring & Company, and other creditors, appellees.

OFFUTT, J., delivered the opinion of the Court.

It appears from the record in this case that on December 15th, 1925, William A. Riddell was appointed a receiver to take charge of all the property and assets of the American Foundry and Manufacturing Company, a corporation; that prior to his appointment that corporation had executed to the Central Trust Company, a corporation, a mortgage deed of trust to secure an issue of bonds; and that thereafter the receivership became insolvent, and the mortgage in default. In that situation the Central Trust Company of Maryland, as trustee and in its own right, and Frank W. Robbins, Jr., administrator of John C. Motter, filed a petition in the receivership proceeding, in which they alleged (1) the execution of the mortgage, (2) that all the bonds secured thereby were owned by the Central Trust Company, and by Robbins, administrator of the estate of John C. Motter, (3) the appointment of William A. Riddell, to have and to hold the assets of the corporation "as the officer and under the control and direction of the court," (4) that the mortgage was a first lien on all the assets of the corporation, including all its real estate, machinery, and equipment, such "raw materials and accounts receivable as the company may have then had," and fifty shares of the G. F. S. Zimmerman Company, (5) that the mortgage was in default, and that title to all the property covered by it had vested in the trustee under the terms of the mortgage for the benefit of the bondholders, that the bondholders had agreed to sell the real property at private sale for $16,500, that the machinery and equipment had been sold for $2,500, and the stock in the Zimmerman Company is worth $10,000, and that the aggregate of said sums was less than the amount due under the mortgage, (6) that "consequently" the receiver had no interest in such assets, (7) that they desire the "necessary authority from the court for the receiver to "relinquish and release his interest in said assets, which, as herein appears, is only nominal, and they further desire your honorable court to authorize him to join in the execution and acknowledgment of any deeds, conveyances, or other written instruments that may be necessary to legally

transfer the title to said property and assets; * * * that said receiver be further authorized to execute and acknowledge such written instrument as may be necessary, not only to release whatever interest he may have in the said property, but also to consent to the bondholders appropriating the entire proceeds of the sale or sales of property and assets, aforesaid, in liquidation of the bonded indebtedness, aforesaid, as far as the same will apply," and (8) that the prices stated above were fair and reasonable and the sales made in good faith.

The receiver appeared and filed an answer admitting the allegations of the petition and consenting to a decree ratifying the sale. Thereafter an order was passed which stated that the purpose of the petition was to have the receiver join with the bondholders in conveying the real estate and plant equipment of the corporation, in pursuance of the sales referred to above, and which directed the receiver to give notice by publication of the filing of the petition and its purpose, which notice was to warn all persons interested to show cause on or before February 19th, 1928, why the prayer of the petition should not be granted.

On March 19th, 1928, certain material and supply creditors of the receivership intervened and filed a petition, in which they charged that the receiver had purchased from them materials and supplies for which they had never been paid; that the proceeding for a receivership had been initiated by the trustee and bondholders for the benefit of the bondholders; that the proceeds of the materials supplied by them had been absorbed in the payment of receiver's certificates, and that "thus the bondholding creditors' effort to recoup the losses of the bondholders of the insolvent corporation by the receivership proceeding failed of its purpose, and your petitioners are advised that the real estate of said American Foundry Company, mortgaged for the benefit of said bondholders, or the proceeds from the sale of the same, should first be applied to the payment of their said receivership claims, respectively." Upon those allegations they asked that the real estate of the insolvent corporation be appropriated to the payment of their claims.

On the same day the court passed this order: "Upon the petition of the Central Trust Company of Maryland, Trustee, and of the bondholders of the American Foundry and Manufacturing Company, reporting private sales of the real estate and certain other assets of said company, subject to ratification by the court, and requesting that the receiver appointed in this proceeding be authorized to join in the conveyance and transfer of said property, and no objection to said sales having been filed, although published notice thereof appears to have been given as required by an order filed January 5th, 1928, it is ordered by the Circuit Court for Frederick County, in equity, this 19th day of March, 1928, that the said sales be and they are hereby ratified and the said receiver is hereby authorized and directed to join with said trustee and bondholders in the conveyance and transfer of said property to the respective purchasers upon the payment of said receiver of the purchase prices therefor mentioned in said petition, to be deposited with the Central Trust Company of Maryland in the name of said receiver, subject to the further order of this court, the provision for the payment of said purchase money to the receiver being hereby made because the funds derived from the operation by the receiver of the Foundry Company plant are not sufficient to pay his operating expenses, and there is a question whether such debts may be payable, prior to the bonds, out of the proceeds of said sales, in view of the fact that the said bondholders, through their representatives, for the intended benefit of their own and other pre-existing interests, promoted this proceeding, and induced the court to authorize the receiver to continue the operation of said plant." From that order the trustee and the bondholders appealed.

The apparent theory of the appeal is that under the mortgage deed of trust the title to the property vested absolutely in the trustee, and that it, and it alone, was entitled to receive the proceeds of any sale of the mortgaged property, and to apply it to the payment of the bonds secured by the mortgage, and that so much of the order as directed the payment of such proceeds into the hands of the receiver was a diver-

sion of the fund from that purpose and from their possession, contrary to the terms of the mortgage, unwarranted in law, and invalid.

The appellees, on the other hand, contend (1) that the order of March 19th is not appealable, and (2) that the receivership was procured by and on behalf of the bondholders and was for their benefit, and that claims for materials and supplies furnished the receiver should be preferred to the claims of the bondholders.

In dealing with these conflicting theories, it may be noted that the appellants themselves came into the receivership proceeding and asked the court to authorize the receiver to release his interest in the assets, and to join in any conveyance of the property which had been sold. It is true that they state that his interest was only "nominal," but the court was not obliged to accept their statement as a final adjudication of the nature and extent of the receiver's interest in the property. And since they asked the court to authorize the receiver to release and relinquish his interest in the property, it must be assumed that they intended the court first to ascertain in some orderly and appropriate manner what that interest was. For certainly the court ought not to have allowed its officer to relinquish his interest in a fund, or in property subject to its jurisdiction, until all parties whose interests might be affected by the release had been given an opportunity to present their claims. Again, their statement of their rights under the mortgage deed of trust is too broad, for, assuming that their claims should be preferred to those of creditors furnishing supplies for the operation of the business by the receiver, it by no means follows that they should always be preferred to the claims of creditors who rendered service or furnished supplies or material to the receiver which were actually needed for the preservation of the mortgaged property, but on the contrary, where the income of the receivership estate is not sufficient to pay them, there could possibly be circumstances under which such claims should be paid out of the corpus of the estate as an administration expense, and, before the receiver is authorized to release his

interest in the corpus, it should appear that such expenses have been paid, or that they could not be a charge against the corpus.

Whether any such claims exist in this case does not appear from the record before us, but when the appellants voluntarily came into the case and asked the court to ratify the sales which had been made, and asked, too, that the receiver be authorized to release his interest in that property, by necessary implication it asked the court to adjudicate the question as to what his interest was. And the court in the order appealed from provided an opportunity for just such an adjudication, no more and no less. The order itself was in no sense an adjudication of the question, nor did it in any manner fix or affect the rights of any party in interest to the fund which appellants had brought to it, but merely impounded the fund in the hands of its receiver, and left all questions of title to or interest in it for future adjudication, and it is difficult to see how it could have done anything else. When the appellants invoked the jurisdiction of the court to ratify a sale of the mortgaged property, they necessarily submitted the fund arising from the sale to its jurisdiction; and when it annexed as a condition to the granting of the relief prayed that the fund arising from the sale should be paid to the receiver, and held by him subject to the further order of the court in order that interested persons might have an opportunity of presenting their claims, it was acting within the limits of that jurisdiction.

Its mere retention of the fund under such circumstances was not a final adjudication of any right which the appellants had in or against it, and so much of its order therefore as provided for the payment of the fund to the receiver, and of his retention of it subject to the further order of the court, is not final and is not properly the subject of an appeal, and, since so much of it as ratifies the sale was in compliance with appellants' request, the appeal should be dismissed.

Much of the written argument of counsel in the case was addressed to the question of the ultimate rights of the parties

to the appeal in the fund, but that question has never been adjudicated by the lower court, is not presented by the record, and cannot be considered on this appeal. For, while the appellees in their petition allege that they furnished materials and supplies to the receiver, they state no facts entitling their claims to priority over the claims of the bondholders, for not every claim for materials or supplies furnished to a receiver is entitled to such priority, but it only exists under proper circumstances or where supplied at the request of the bondholders. But they do assert in it an interest in the fund, and since the details of their claims may be supplied by amendment, or disclosed by testimony, they ought to be given an opportunity of bringing them to the attention of the court, and of supporting them by such evidence as they may be able to produce. But the case had not reached that stage when this appeal was taken, and since it was premature and does not finally dispose of any right of the appellants, it will be dismissed.

*Appeal dismissed, with costs.*